# MOTION UNDER 28 USC § 2255 TO VACATE SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District: Guam | |
|---|---|---|
| Name of Movant: Zachary Richard Ulloa Camacho | Prisoner No. | Case No.: CR98-00272 |
| Place of Confinement: Hagåtña, Guam | | CV 05-00003 |

| UNITED STATES OF AMERICA | V. | ZACHARY RICHARD ULLOA CAMACHO (name under which convicted) |
|---|---|---|

## MOTION

**FILED**
**DISTRICT COURT OF GUAM**
**JAN 1 1 2005**
**MARY L.M. MORAN**
**CLERK OF COURT**

1. Name and location of court which entered the judgment of conviction under attack

    **District Court of Guam, Hagåtña, Guam**

2. Date of judgment of conviction

    **September 12, 2002**

3. Length of sentence

    **Sixty (60) months – Conspiracy to Import**
    **Forty-eight (48) months – Use of a Communication Facility (concurrent)**

4. Nature of offense involved (all counts)

    **1) Conspiracy to Import Methamphetamine (one count)**
    **2) Use of a Communication Facility in the Commission of a Felony (one count)**

5. What was your plea? (Check One)
    (a) Not guilty ☐
    (b) Guilty ☒
    (c) Nolo contendere ☐

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

    **Importation of Crystal Methamphetamine**
    **Attempted Possession of Crystal Methamphetamine**

6. If you pleaded not guilty, what kind of trial did you have (check one)
    (a) Jury ☐
    (b) Judge ☐

7. Did you testify at the trial?
    Yes ☐    No ☐

8. Did you appeal from the judgment of conviction?
    Yes ☐    No ☒

9. If you did appeal, answer the following:
   (a) Name of court

   (b) Result

   (c) Date of result


10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motion with respect to this judgment in any federal court?
    Yes ☐   No ☒


11. If you, answer to 10 was "yes," give the following information
    (a) (1) Name of court

    (2) Nature of proceeding

    (3) Grounds raised




    (4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐   No ☐

    (5) Result

    (6) Date of Result


  (b) As to any second petition, application or motion give the same information:

    (1) Name of court

    (2) Nature of proceeding




    (3) Grounds raised

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5) Result

(6) Date of Result

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.      Yes ☐   No ☐
(2) Second petition, etc.   Yes ☐   No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one:

**1) Conspiracy to Import is a non-existent crime as charged in the indictment**

Supporting FACTS (state *briefly* without citing cases or law):

**See sub paragraph 7(c) on page six (6) of the plea agreement filed in this proceeding on January 26, 1999, a true copy of the page and of said agreement is attached hereto.**

B. Ground two:

Supporting FACTS (state *briefly* without citing cases or law):

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

D. Ground Four:

Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds are listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

   **See attached page.**

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
   Yes ☐    No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a)  At preliminary hearing:

   (b)  At arraignment and <u>plea</u>:

   **D. Paul Vernier, Esq.**
   **VERNIER & MAHER**
   **115 Hesler Place**
   **Ground Floor, Governor Joseph Flores Building**
   **Hagåtña, Guam  96910**

   (c)  At trial:

   (d)  At sentencing:

   **Rawlen Mantanona, Esq.**
   **MANTANONA LAW OFFICE**
   **GCIC Building, Suite 601B**
   **414 West Soledad Avenue**
   **Hagåtña, Guam  96910**

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time.
    Yes ☒   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐   No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future:

    (b) Give date and length of the above sentence:

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes ☐   No ☐

Wherefore, movant prays the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

1-11-05
_____
Date

_____
Signature of Movant

ATTACHED PAGE

13. The ground listed in 12A was not previously presented, because at the time of the entry of the judgment, and for more that 10 days thereafter, the ground listed in 12A was foreclosed by circuit law in that it was the settled law of this circuit that all the government need show for a finding of importation is that the controlled substance entered the United States from international waters or airspace. (*United States v. Cabacang*, 332 F.3d 622, 634 (9th Cir. 2003)(en banc), *clarified*, 341 F.3d 905 (9th Cir. 2003).) On June 6, 2003 (*Cabaccang*, 332 F.3d at 622 ("Filed June 6, 2003)), the court of appeals for this circuit changed the law by overruling the foregoing law of this circuit and holding that the transport of a controlled substance through international airspace on a flight from one United States location to another United States location does not constitute the offense of importing a controlled substance into the United States from a place outside thereof (*Cabaccang*, 332 F.3d at 635 ("we hold that the transport of drugs through international airspace on a nonstop flight from one United States location to another does not constitute importation within the meaning of [21 U.S.C.] § 952(a)").)

7. The defendant understands that the sentencing guidelines apply to this offense. The government and the defendant stipulate to the following facts for purposes of the sentencing guidelines:

    a. The defendant was born on October 8, 1966, and is a citizen of the United States.

    b. If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and therefore, pursuant to § 1B1.8 of the sentencing guidelines, this information should not be used in determining the applicable guidelines range.

    c. Sometime between, beginning 1997 and September 24, 1998, the defendant participated in a conspiracy with at least one or more of Anthony Tajalle aka "Ton", Judith Taitingfong, James Taitingfong, and/or others to import crystal methamphetamine a/k/a "ice" from California and elsewhere into Guam for purposes of distribution and profit. During the conspiracy the defendant had paid for shipments of "ice" in the aggregate amount of at least $20,000 which drugs he received from the Taitingfongs and others.

On or about September 23, 1998, a shipment of approximately 191.8 grams (gross weight) of ice was imported into Guam via drug couriers. "Ton" and others had notified the defendant of said shipment. On September 24, 1998, the defendant, with the aid of a telephone, met with the Taitingfongs in order to receive at

Case 1:05-cv-00003  Document 1  Filed 01/11/2005  Page 8 of 8